Yolanda A. MOON, Plaintiff-
Appellant,

v.

James T. TAKISAKI et al., Defendants-
Appellees.

No. 73-2711.

United States Court of Appeals,
Ninth Circuit.

July 22, 1974.

James S. Turner, of Roberts, Shefel-
man, Lawrence, Gay & Moch, Seattle,
Wash., for appellant.

Stan Pitkin, U. S. Atty., Seattle,
Wash., Susan L. Barnes, Asst. U. S.
Atty., for appellees.

## OPINION

Before, MERRILL, KILKENNY and
CHOY, Circuit Judges.

PER CURIAM:

The mortgage insurance subchapter
of the Housing Act provides for several
different programs of mortgage insur-
ance. 12 U.S.C. § 1715*l*(h) provides
that the FHA may insure a mortgage of
housing that is purchased and rehabil-
itated by a nonprofit sponsor under com-
mitment to offer the property for sale
to low-income purchasers.

Appellant purchased property that had
been rehabilitated by the Seattle Urban

League as sponsor under a mortgage to Firstbank Mortgage Corporation, insured by the United States pursuant to § 1715*l*(h) with rehabilitation work performed by James T. Takisaki.

When appellant failed to make the prescribed mortgage payments the mortgagor and the United States threatened foreclosure and appellant brought suit in state court to protect her interest. The United States removed to the federal district court, where the suit was dismissed as against the United States. On appeal to this court the dismissal was upheld in an unreported memorandum on the ground that the United States had not consented to suit in state court, so that court had no jurisdiction; this being so no jurisdiction attached in the federal court when the action was removed. Moon v. Takisaki, No. 72–1495 (9th Cir. Oct. 1, 1973).

This suit was then filed directly in the district court by appellant against all parties involved, with jurisdiction against the United States claimed under the Federal Tort Claims Act, 28 U.S.C. § 2674 et seq. Once again suit against the United States was dismissed by the district court. Once again we affirm.

 Appellant seeks money damages and an injunction against foreclosure. The Tort Claims Act makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief. Dismissal of the claim for injunction on the ground of lack of jurisdiction was proper.

Appellant alleges that defendants were guilty of deceptive practices under the Washington Consumer Protection Act. Further she alleges that she was by defendants United States and Urban League induced to execute the mortgage although those defendants "recognizing the plaintiff's lack of comprehension never revealed to the plaintiff the consequences of the transaction involving the refinancing." Claims arising out of misrepresentation or deceit are excluded from the Federal Tort Claims Act, 28 U.S.C. § 2680(h), and appellant's claims fall under that exclusion as it has been construed. *See, e. g.*, United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Dismissal of this claim on the ground of lack of jurisdiction was proper.

Appellant alleges that the United States and the Urban League "negligently engaged an incompetent contractor * * * to perform the rehabilitation" and "negligently failed to supervise the work." Under the Act the Secretary is authorized to insure mortgages under the limited conditions there imposed. He is not authorized to undertake or to supervise the work of rehabilitation and owes no duty to the purchasers of rehabilitated property in that respect. *Cf.* United States v. Neustadt, *supra,* 366 U.S. at 708–709, 81 S.Ct. 1294; Jackson v. Romney, 355 F.Supp. 737 (D.D.C.1973). Dismissal for failure to state a claim was proper as to this aspect of the action.

Judgment affirmed.