HARTFORD ACCIDENT &
INDEMNITY COMPANY,
Plaintiff–Appellant,

v.

CONTINENTAL NATIONAL AMERICAN
INSURANCE COMPANIES and Trans-
continental Insurance Company, De-
fendants–Appellees.

No. 87–2841.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 1988.

Decided Nov. 22, 1988.

As Amended on Denial of Rehearing
Jan. 25, 1989.

David H. Bent, Fresno, Calif., for plain-
tiff-appellant.

David O. Larson, Eric R. Haas, Ira D.
Goldberg, of the law firm Moore, Clifford,
Wolfe, Larson & Trutner, Oakland, Calif.,
for defendants-appellees.

Before CHOY, SNEED and CANBY,
Circuit Judges.

SNEED, Circuit Judge:

Hartford Accident & Indemnity Company
(Hartford) appeals the decision of a district
court rejecting and dismissing its claims
against Continental National American In-
surance Companies and Transcontinental
Insurance Company (collectively, Transcon-
tinental). Hartford seeks here, as it
sought below, to have Transcontinental
bear the expenses of defending an action
against the County of Mariposa which both
Hartford and Transcontinental insured.
On the basis of the language of the compa-
nies' policies we conclude that Hartford,
not Transcontinental, had the obligation of
defending the action. Thus we affirm the
district court's judgment.

## I.

### FACTS AND PROCEEDINGS BELOW

An employee of the County of Mariposa (the County) in the State of California killed three persons in an automobile accident on March 5, 1983. Representatives of the deceased filed wrongful death actions against the County shortly afterward. The County, at the time, had insurance coverage for bodily injury or death arising out of a single accident under both a $100,000 primary insurance policy with Hartford and a $5,000,000 excess insurance policy with Transcontinental.

A disagreement arose over who should defend the suit. Although both insurance companies agreed that the County did not have to conduct the defense, they disagreed over which of them should do so. In a letter to Transcontinental, dated March 24, 1983, Hartford conceded liability to the full extent of its policy and asked Transcontinental to take over the case. Transcontinental declined, and Hartford defended the County until the plaintiffs settled in May, 1984, for four million dollars.

Hartford then filed this action to compel Transcontinental to reimburse it for $218,-784.42 that it spent on the litigation. Transcontinental counterclaimed for $78,-507.55 in expenses that it had incurred. Hartford later amended its complaint to allege that Transcontinental violated Cal. Ins.Code § 790.03(h)(5) (West Supp.1988). Transcontinental moved to dismiss the statutory claim on the ground that Hartford had no standing to sue under the section.

The district court entered summary judgment against Hartford on its first ground for relief and dismissed Hartford's second ground for failure to state a claim.

## II.

### JURISDICTION

The district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1). This court has jurisdiction under 28 U.S.C. § 1291.

## III.

### STANDARD OF REVIEW

De novo review is proper for both a grant of summary judgment, see Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986), and a dismissal for failure to state a claim, see Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984).

## IV.

### REIMBURSEMENT

The Supreme Court of the State of California has established a framework for determining the obligations of an excess insurer, Transcontinental in this case, to a primary insurer, Hartford. That court has stated that the " 'rights and duties of several insurers who have covered the same event do not arise out of contract, for their agreements are not with each other.... Their respective obligations flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden.' " Signal Cos. v. Harbor Ins. Co., 27 Cal.3d 359, 369, 612 P.2d 889, 895, 165 Cal.Rptr. 799, 805 (1980) (in bank) (quoting American Auto. Ins. Co. v. Seaboard Sur. Co., 155 Cal.App.2d 192, 195–96, 318 P.2d 84, 86 (1957)). The court has stated in particular that it would not impose a duty on an excess insurer in contravention of the provisions in its policy unless it found a "compelling equitable consideration" that required it to do so. Id.

The County's insurance policies with Hartford and Transcontinental provided that Hartford's duty to defend would cease, and Transcontinental's duty to defend would begin, only when Hartford made a "payment" of its liability limit to Transcontinental. Hartford's policy stated in part:

PART IV—LIABILITY INSURANCE
A. WE WILL PAY.
1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which the insurance applies, caused by an accident and resulting from the own-

ership, maintenance or use of a covered auto.

2. We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury damage not covered by this policy. We may investigate and settle any claim or suit as we consider appropriate. *Our payment of the Liability Insurance limit ends our duty to defend or settle.*

Appellant's Brief at 24–25 (Emphasis added).

Transcontinental's insurance policy stated:

1. COVERAGE A—EXCESS LIABILITY INDEMNITY

    . . . .

In the event the obligation of the underlying insurer(s) either to investigate and defend the insured, or pay the cost of such investigation and defense, ceases solely because of exhaustion of underlying limits of liability through payment of judgment and settlements, then [Transcontinental] shall with respect to [excess liability damages], either

(1) assume the duty of investigating and defending the insured against suits seeking damages, or

(2) if [Transcontinental] elects not to assume the duty described in (1) above, [Transcontinental] will reimburse the insured for reasonable defense costs and expenses incurred with the written consent of [Transcontinental]. . . .

Appellant's Brief at 25.

■ The parties agree that at the time of Hartford's demand it had made no actual payment either to Transcontinental or to the County. Hartford, however, has suggested two reasons that we should require Transcontinental to reimburse Hartford's expenses in defending the County. First, Hartford contends that its March 24, 1983 letter to Transcontinental conceding liability to the full extent of its $100,000 policy should qualify as a "payment." Second, Hartford contends that the equities of this case compel Transcontinental to share the costs of defense regardless of the terms of the insurance policies. We reject each of these contentions.

We recognize that it may appear unfair to allow an excess insurer to force a primary insurer to pay the costs of defense when it is fairly obvious that the lion's share of the eventual settlement or judgment would come out of the excess insurer's pocket. Nonetheless, we cannot side with Hartford. California law precludes the reading of the term payment as broadly as Hartford desires.

The California Supreme Court in *Signal* specifically rejected the proposition that "once the excess insurer has been given notice that the tort claim against its insured might invade the excess coverage, and the amount of potential exposure is reasonably ascertainable, the excess insurer should be obligated to participate immediately in the defense. . . ." *Signal,* 27 Cal. 3d at 366, 612 P.2d at 893, 165 Cal.Rptr. at 803. The court properly reasoned that requiring the excess insurer to join the defense "would require [the excess insurer] to contribute to the defense costs incurred by the primary carrier even though excess liability might never attach and despite explicit provisions of [the excess insurer's] policy." *Id.* at 367–68, 612 P.2d at 894, 165 Cal.Rptr. at 804.

The court in *Chubb/Pacific Indemn. Group v. Insurance Co. of N. Am.,* 188 Cal.App.3d 691, 233 Cal.Rptr. 539 (1987), reached the same conclusion. Like Hartford, the primary insurer in *Chubb* had a duty under its policy to bear all expenses until it "paid, tendered or deposited in court" its policy limit. *Id.* at 695, 233 Cal. Rptr. at 541 (emphasis omitted). Although the primary insurer in *Chubb* acknowledged liability to the full extent of its policy, the court ruled that "[c]eding policy limits to [the excess insurer] for purposes of settlement did not exhaust [the primary insurer's] obligation to pay damages on behalf of its insured. That obligation could have been extinguished only by actual settlement or payment of judgment." *Id.* at 698, 233 Cal.Rptr. at 543. We cannot ignore the holdings of these cases.

Hartford argues in the alternative that, even in the absence of a "payment," this case presents a compelling equitable reason for imposing a duty of reimbursement on Transcontinental. Hartford contends that when liability is reasonably clear and Hartford unconditionally cedes its policy limits equity requires Transcontinental's reimbursement by Hartford. California law once again precludes this claim. The primary insurers in both *Signal* and *Chubb* raised the same contention but in both cases it was rejected.[1] *See Signal*, 27 Cal 3d at 366, 612 P.2d at 893, 165 Cal.Rptr. at 803; *Chubb*, 188 Cal.App.3d at 698, 233 Cal.Rptr. at 543. As the court in *Chubb* pointed out, an excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, including the primary insurer's obligation to defend all suits until exhaustion of its liability limits. *See Chubb*, 188 Cal. App.3d at 698, 233 Cal.Rptr. at 543. Equity cannot require Transcontinental to provide coverage for which it was not paid. Obviously, primary and excess insurers can alter their coverages and correspondingly adjust their premiums to provide the result Hartford wishes. They have not done so in this case, however.

## V.

### STATUTORY VIOLATIONS

Hartford's amended complaint charged Transcontinental with violations of Cal.Ins. Code § 790.03(h)(5) (West Supp.1988), which proscribes unfair methods of competition and deceptive practices in the insurance business. Although Hartford initially appealed the district court's dismissal of its allegation, Hartford conceded at oral argument that dismissal was proper because Hartford did not have standing to sue under the section in light of *Moradi–Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 758 P.2d 58, 250 Cal.Rptr. 116 (1988) (in bank) (overruling *Royal Globe Ins. Co. v.*

*Superior Court*, 23 Cal.3d 880, 592 P.2d 329, 153 Cal.Rptr. 842 (1979)).

## VI.

### CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**1.** Hartford has attempted to distinguish *Signal* on the ground that the liability of the county was clearer than the liability of the insured in *Signal*. The distinction does not persuade us, however, because the court in *Signal* made its decision under the assumption that the insured's liability was "reasonably ascertainable." *Signal*, 27 Cal.3d at 366, 612 P.2d at 893, 165 Cal.Rptr. at 803.