892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl K. KUMMERLOWE, James J. Hamm, Michael Farlin, Corey
Karstetter, Plaintiffs-Appellants,
v.
Samuel A. LEWIS, Director, Arizona Department of
Corrections, his agents, his successors &
attorneys of ADOC; individually & in
official capacity, Defendant-Appellee.
 No. 88-15460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1989.*
Decided Dec. 14, 1989.
 
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants are inmates of the Arizona Department of Corrections ("ADC"). Appellee Lewis is the ADC director. Appellants challenge the ADC policy of returning to sender inmate mail which does not include the inmate's ADC number as part of the address. The district court dismissed with prejudice. We reverse and remand.
 
 I.
 
 3
 ADC Director's Management Order 86-40 requires that "all incoming and outgoing mail must bear the inmate's name, ADC number, and address. The prison mail room shall return mail without this information to the sender." The regulations do not require that inmates be notified when mail is not delivered to them.
 
 
 4
 Appellants filed suit under 42 U.S.C. § 1983, claiming that the policy violated their first and fourteenth amendment rights. They alleged that specific pieces of mail were returned to various correspondents under this policy because the address did not include the inmates' ADC numbers. They requested compensatory and punitive damages, as well as declaratory relief. The court granted appellee's motion to dismiss for failure to state a claim for which relief could be granted.
 
 II.
 
 5
 We review de novo a trial court's dismissal for failure to state a claim for which relief can be granted. Kruso v. International Tele. & Tele. Corp., 872 F.2d 1416, 1421 (9th Cir.1989); Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Cos., 861 F.2d 1184, 1185 (9th Cir.1988). A complaint should not be dismissed under the rule "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1984).
 
 
 6
 The district court is required to examine appellants' pro se complaint under more relaxed standards than if the papers were prepared by an attorney. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). The court need not "fill in the blanks" in a plaintiff's complaint, and "vague and conclusory allegations" are insufficient. Id. However, if a complaint has "an arguable substance in law and fact," it should not be dismissed. See Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984) (citing with approval Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)).
 
 III.
 
 7
 Appellants' complaint lists specific instances in which pieces of mail were not delivered to inmates because the inmate's ADC number was not included on the address. They allege that the prison mail rooms could easily have identified the inmates using the alphabetic roster maintained in the mail rooms.
 
 
 8
 The district court applied rational basis scrutiny to the ADC mail policy and found it constitutional. Appellants argue that the court should have used strict scrutiny, and that its claim should not have been dismissed under this standard.
 
 
 9
 The court based its order on Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). In that case, inmates challenged a prison policy prohibiting correspondence between inmates at different state prisons. The court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89. It found several factors relevant in determining whether a regulation was reasonable.
 
 
 10
 First, there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it. Thus, a regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational.... A second factor ... is whether there are alternative means of exercising the right that remain open to prison inmates. Where "other avenues" remain available for the exercise of the asserted right, courts should be particularly conscious of the "measure of judicial discretion owed to corrections officials ... in gauging the validity of the regulation." A third consideration is the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally.... Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. By the same token, the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable, but is an "exaggerated response" to prison concerns.... [I]f an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at de minimis cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard.
 
 
 11
 Id. at 89-90.
 
 
 12
 The district court found that the ADC policy requiring the use of inmates' ADC numbers is a content neutral regulation "designed to promote a legitimate penological interest, the efficient and orderly delivery of mail...."
 
 
 13
 Appellants argue that Turner is distinguishable from this case in that it addressed the rights of inmates only. In this case, the mail policy affects the rights of those attempting to send mail to inmates, as well as the rights of the inmates themselves.
 
 
 14
 Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) was a class action by inmates who challenged policies regarding censorship of incoming and outgoing mail. The court based its ruling on the rights of nonprisoners and held that the proper standard of review was that
 
 
 15
 the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression.... Second, the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Thus a restriction on inmate correspondence that furthers an important or substantial interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad.
 
 
 16
 Id. at 413-14.
 
 
 17
 As in Martinez, the policy at issue in this case impacts the First Amendment rights of both prisoners and nonprisoners. In this case, the policy effectively blocks communication with prisoners by parties who do not include inmates' number on their letters.
 
 
 18
 However, the scope of Martinez was substantially modified in Thornburgh v. Abbott, 490 U.S. ----, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). In discussing a prison regulation which censored incoming mail, the Court stated that "the logic of our analyses in Martinez and Turner requires that Martinez be limited to regulations concerning outgoing correspondence." 104 L.Ed.2d at 473. "[W]e prefer the express flexibility of the Turner reasonableness standard." Id. Thus, the district court properly applied Turner's lesser degree of scrutiny in this case.
 
 
 19
 Nevertheless, appellants presented a valid claim under the flexible Turner standard. Appellees claim that the policy furthers a legitimate penological interest in "orderly delivery of the mail through accurate and quick inmate identification." While orderly delivery of the mail is a laudable goal, both Turner and Thornburgh addressed policies aimed at preserving prison safety and order by censoring material likely to provoke or incite prisoners. Arguably, the policies effectuating efficient physical delivery of mail to inmates are not directly related to penological objectives, but instead, address purely administrative concerns.
 
 
 20
 Turner requires a consideration of several factors, including whether the policy is an "exaggerated response" to a legitimate concern. See 482 U.S. at 90. "The existence of obvious, easy alternatives may be evidence that the regulation is not reasonable.... [I]f an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at de minimis cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard." Id. The appellants have made such allegations. They claim that prison mail rooms maintain alphabetical lists of inmates and their locations, so that the inmate's ADC number is not necessary to insuring delivery.
 
 
 21
 Furthermore, Turner mandates a consideration of whether "alternative means of exercising the right ... remain open to prison inmates." Id. at 90. Here, the policy can effectively result in prisoners being totally deprived of contact with those who wish to contact them. Appellants claim that it is often difficult for non-inmates to obtain the correct ADC number. An inmate's number may change if he is transferred among institutions or is serving consecutive sentences. In addition, they allege that the policy does not provide for any notification to the inmates when incoming mail is returned to sender.
 
 
 22
 "On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true...." Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985). Presuming appellants' allegations to be true, the pro se complaint had an adequate basis in fact and law to withstand appellee's motion to dismiss. Accordingly, the district court's order dismissing the complaint with prejudice is
 
 
 23
 REVERSED and the case is REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3