**WESTBAY STEEL, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 91–15946.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 1992 *.

Decided July 23, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Julia A. Mandeville, Aaron, Riechert, Carpol, Riffle & Mandeville, Redwood City, Cal., for plaintiff-appellant.

Patricia J. Kenney, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before: WALLACE, Chief Judge, CHOY and POOLE, Circuit Judges.

WALLACE, Chief Judge:

Westbay Steel, Inc. (Westbay) appeals from the district court's dismissal of its suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The district court dismissed the suit on jurisdictional grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I

The Federal Aviation Administration (FAA) entered into a contract with Kardan Construction, Inc. (Kardan), a general contractor, pursuant to which Kardan agreed to construct the Automated Flight Service Station at the Oakland Airport (Oakland Airport project). At the time this contract was signed, Kardan and the proposed sureties, Robert E. Alvarez and Robert H. Alvarez (sureties), executed a payment bond for the purpose of complying with the Miller Act, 40 U.S.C. § 270a(a). The payment bond was then filed with the FAA for approval. The contracting officer in charge of the project allegedly approved the sureties.

Westbay, as a subcontractor of Kardan, agreed to provide certain materials and services necessary to construct the Oakland Airport project. Westbay fully performed under this subcontract.

The FAA later terminated Kardan's contract because Kardan failed to provide sufficient performance and payment bonds throughout the contract period. Westbay alleges that the FAA did not pay Kardan, and that Kardan did not pay Westbay. Westbay subsequently made an unsuccessful demand for payment from Kardan and the sureties and obtained a default judgment against them. Westbay alleges that the judgment is likely uncollectible.

Westbay filed this action under the FTCA against the United States for monetary damages, alleging that the federal contracting officer negligently approved the sureties. Westbay also seeks an equitable lien on funds allegedly retained by the FAA, arguing that the FAA has been unjustly enriched.

## II

The United States argues that this court lacks jurisdiction to consider this appeal because Westbay's notice of appeal was untimely. Under Federal Rule of Appellate Procedure 4(a)(1), the notice of appeal must be filed within 60 days after the entry of the district court's judgment or order when the United States is a party. The district court entered the judgment and order dismissing this action on April 18, 1991. The notice of appeal was filed on June 13, 1991. Obviously, the United States is wrong and the appeal was timely.

## III

We review the district court's dismissal of an action de novo. *Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Co.*, 861 F.2d 1184, 1185 (9th Cir.1988). The sole basis for jurisdiction alleged in Westbay's complaint is the FTCA. Westbay argues that it has stated

a negligence claim that is actionable under the FTCA. Westbay points out that the Miller Act requires general contractors to furnish a payment bond with a surety or sureties satisfactory to the government officer awarding the contract. 40 U.S.C. § 270a(a). Westbay argues that the contracting officer was under a duty to approve the sureties in a non-negligent manner.

■ Merely alleging negligence is insufficient to state a claim. We have identified specific limitations to successful FTCA actions. FTCA liability does not extend to all "violations" of statutes and regulations. *See Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 543 (9th Cir.1987) (*Woodbridge Plaza*) (FTCA inapplicable when Federal Deposit Insurance Corporation, acting as a receiver under state law, violates California statutes concerning treatment of bank's creditors). The FTCA grants the district courts exclusive jurisdiction over civil suits "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, the FTCA applies only if there is a "persuasive analogy with private conduct." *Woodbridge Plaza*, 815 F.2d at 543 (internal quotations and citation omitted).

With these limitations in mind, we turn to the negligence charged in this action: the failure to use reasonable care in the approval of sureties provided under the Miller Act.

The Fourth, Fifth, Seventh, and Tenth Circuits, addressing factually similar situations, have held that a federal contracting officer's failure to comply with the Miller Act's bond approval provision "can have no counterpart in private activity" and "does not create liability on the part of the government under the [FTCA]." *Devlin Lumber & Supply Corp. v. United States*, 488 F.2d 88, 89 (4th Cir.1973) (*Devlin*); accord *Arvanis v. Noslo Eng'g Consul-*

*tants, Inc.*, 739 F.2d 1287, 1290–92 (7th Cir.1984) (*Arvanis*), cert. denied, 469 U.S. 1191, 105 S.Ct. 964, 83 L.Ed.2d 969 (1985); *McMann v. Northern Pueblos Enters., Inc.*, 594 F.2d 784, 785–86 (10th Cir.1979) (*McMann*); *United States v. Smith*, 324 F.2d 622, 624–25 (5th Cir.1963) (*Smith*).

■ Westbay seeks to distinguish *Devlin, Arvanis, McMann,* and *Smith* because the plaintiffs in these cases sought damages on the basis that the United States proceeded with the contracts even though *no* surety bonds were posted. *See Arvanis*, 739 F.2d at 1289; *McMann*, 594 F.2d at 785; *Devlin*, 488 F.2d at 89; *Smith*, 324 F.2d at 623. Westbay argues that this case is different because the United States negligently approved an inadequate surety, whereas in *Devlin, Arvanis, McMann,* and *Smith*, the government committed no negligent act. Although we understand the distinction, we are not persuaded that it makes a difference. The allegedly negligent act in the four sister circuit cases was the approval by the United States of the contracts without ensuring that there were surety bonds. Under the Miller Act, the contracting officer should not approve a contract without ensuring that there is a surety bond and that the surety bond is adequate. 40 U.S.C. § 270a(a). In this case, as well as in the other four cases, the United States is charged with negligently carrying out its alleged duty to approve a contract and a surety. We agree with the reasoning of our sister circuits and conclude that because liability is inappropriate when the United States approves a contract without a bond, the approval of a contract with an inadequate bond is likewise not actionable.

Westbay also argues that the government should be held liable because Westbay relied on the United States's approval of the surety. This is not a basis for distinction. The subcontractors in *Arvanis* and the other cases also may have assumed, in reliance upon the United States, that surety bonds had been posted. *See Arvanis*, 739 F.2d at 1289 (subcontractors

were unaware that contractor had not obtained a bond).

We hold that the contracting officer's alleged negligent approval of a surety bond is not actionable under the FTCA. Therefore, the district court lacked jurisdiction to entertain this action. This result upholds the limitations we have placed on the FTCA and prevents subcontractors from achieving "by indirection a result that they could not reach directly under the Miller Act." *Id.* at 1292; *see also id.* at 1289–90 (subcontractors have no claim under the Miller Act against the United States for failure to require a bond). Because we hold that there is no jurisdiction under the FTCA, we need not reach the question of whether Westbay has standing to sue the United States.

### IV

 Westbay also argues that the government should be held liable because Westbay is not only seeking damages but also an equitable lien for unjust enrichment. However, "[t]he only relief provided for in the [FTCA] is 'money damages.'" *Talbert v. United States,* 932 F.2d 1064, 1065–66 (4th Cir.1991); *accord Moon v. Takisaki,* 501 F.2d 389, 390 (9th Cir.1974) ("The [FTCA] makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief."). Thus, there is no jurisdiction under the FTCA to award an equitable lien.

AFFIRMED.