980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Leon PLUMES, Petitioner-Appellant,
v.
J. Michael QUINLAN, Director, et al.; Jerry T. Williford;
W. Dennis Harrell; Kenneth Albright, et al.,
Respondents-Appellees.
 Nos. 91-55442, 92-55013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Leon Plumes, a federal prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his Bivens action against prison officials seeking injunctive relief and damages.[1] 403 U.S. 388 (1971). Plumes contends that prison officials were deliberately indifferent to his serious medical needs when they failed to properly treat him for chlamydia, a veneral disease. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 * As a preliminary matter, defendants contend that we lack jurisdiction over Plumes's appeal because he failed to file objections to the magistrate's report and recommendation.[2] This contention lacks merit. Parties who do not object to a magistrate's report waive their right to challenge the magistrate's factual findings, but retain their right to challenge the magistrate's conclusions of law. Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991). Because the case was decided on the basis of the pleadings, the magistrate's conclusion that Plumes had failed to state a claim under a "deliberate indifference" standard was a conclusion of law. See United States v. General Motors Corp., 384 U.S. 127, 141 n. 16 (1966) (question of law when issue involves "the legal standard required to be applied to the undisputed facts of the case"). Accordingly, Plumes retained his right to challenge the magistrate's findings on appeal.[3] See Baxter, 923 F.2d at 1394.
 
 II
 
 4
 Plumes alleged that as a result of prison officials' failure to properly treat him for chlamydia, he is going blind and possibly is or will become sterile. The district court found that Plumes had failed to allege facts sufficient to show that prison officials were deliberately indifferent to his medical needs and dismissed the eighth amendment claim with prejudice. The court recommended that Plumes seek relief under the Federal Torts Claim Act ("FTCA") for negligence and dismissed the complaint without prejudice as to any negligence or malpractice claims Plumes might bring under the FTCA.
 
 
 5
 When reviewing a district court's dismissal for failure to state a claim, "we restrict our review to the contents of the complaint, accepting the material factual allegations as true and construing them in the light most favorable to the appellant." Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1332 (9th Cir.1987), cert. denied, 112 S.Ct. 1514 (1992). Accordingly, "dismissal for failure to state a claim is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (9th Cir.1957)
 
 
 6
 "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited deliberate indifference to serious medical needs." Hudson v. McMillian, 112 S.Ct. 995, 998 (1992). Deliberate indifference may be manifested in two ways; either when prison officials deny, delay or intentionally interfere with medical treatment, or by the way that prison physicians provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). In either case, however, the indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981). Moreover, when a claim alleges a delay of medical treatment, the inmate must show that the delay was harmful. See McGuckin, 974 F.2d at 1060.
 
 
 7
 Here, according to Plumes's complaint, he first sought medical treatment for an eye infection, urinary problems, and arthritic pain in April 1989. At that time, prison doctors performed a blood test. On August 1, 1990, sixteen months later, after multiple complaints and requests for treatment by Plumes, prison doctor informed him that the blood test revealed that he had chlamydia. Doctors then prescribed an antibiotic for treatment. After two months of antibiotic treatment, and continuing complaints by Plumes that his symptoms had not diminished, doctors performed a second blood test which revealed that he was still suffering from chlamydia. Doctors then advised Plumes to continue with the same antibiotic treatment but at a reduced dosage. Two months later, after multiple complaints to the prison medical staff and still suffering from symptoms, Plumes filed this action. Plumes contends that medical sources indicate that chlamydia, once diagnosed, may quickly and easily be treated with a different antibiotic.
 
 
 8
 Taking the allegations in Plumes's complaint as true, we find that it states a claim for medical indifference. Plumes has alleged that prison officials substantially delayed his treatment and then continued to prescribe treatment that was clearly ineffective. See McGuckin, 974 F.2d at 1060. Moreover, he has alleged that the 16 month delay in treatment resulted in harm. See id.; see also Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (six-day delay in the treatment of hepatitis, during which time the inmate was in the prison hospital, may state a claim for medical indifference); Hunt v. Dental Dep't., 865 F.2d 198, 200 (9th Cir.1989) (inmate who lost his dentures in a prison riot stated a claim when he alleged that prison officials, who were aware of his symptoms, delayed providing him with dentures for three months). Accordingly, the district court erred by dismissing Plumes's complaint pursuant to Rule 12(b)(6) for failure to state a claim.[4]
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants contend that the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). Under section 1915(d), a frivolous complaint may be dismissed sua sponte prior to service of process. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Here, the record reveals that the defendants were served and filed a motion to dismiss prior to the district court's dismissal. Accordingly, we construe the district court's dismissal as pursuant to Rule 12(b)(6)
 
 
 [2]
 The defendants also contend that they need not respond to the allegations in Plumes complaint because they were not served in their personal capacities. This contention lacks merit. First, sovereign immunity does not bar actions seeking prospective relief from official misconduct. See Cabrera v. Martin, 973 F.2d 735, 741 (9th Cir.1992). Second, the record reveals that the magistrate judge erroneously ordered service on the defendants in their official rather than in their personal capacities. Because Plumes's complaint names each defendant in his individual capacity, the district court should have ordered the Marshal to serve the defendants in their personal capacity. Accordingly, Plumes should not be penalized for the district court's error. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990) (incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on United States Marshal for service of summons and complaint, and, having provided necessary information to help effectuate service, plaintiff should not be penalized by having action dismissed for failure to effect service where Marshal or court clerk has failed to perform required duties)
 
 
 [3]
 In addition, although an order dismissing a complaint is not generally a final appealable order, we have jurisdiction over this appeal because the district court's dismissal of the complaint with prejudice as to Plumes's constitutional claim essentially terminated Plumes's eighth amendment cause of action. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)
 
 
 [4]
 The district court's recommendation that Plumes file an FTCA action for negligence does not help him in obtaining proper medical care from prison officials. See Westbay Steel, Inc. v. United States, 970 F.2d 648, 650 (9th Cir.1992) (FTCA does not provide equitable relief); Moon v. Takisaki, 501 F.2d 389, 390 (9th Cir.1974) (FTCA "makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief")