**GUARANTY NATIONAL INSURANCE COMPANY, a Colorado corporation, Plaintiff–Appellee,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois corporation, Defendant–Appellant.**

**No. 91–35836.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1992.

Decided Dec. 18, 1992.

---

Gary M. Zadick, Ugrin, Alexander, Zadick & Slovak, Great Falls, MT, for defendant-appellant.

Kenneth R. Dyrud, and Jeannie Young, Church, Harris, Johnson & Williams, Great Falls, MT, for plaintiff-appellee.

Before: POOLE, FERNANDEZ, and T.G. NELSON, Circuit Judges.

The decision of the district court reported at 758 F.Supp. 1394 (D.Mont.1991) is affirmed, with this limitation.

One of the parties to the case in the district court was Harbor Insurance Company, which had issued a true excess insurance policy. In this setting, a true excess policy is one which is specifically intended to only come into play when the limits of the underlying coverage are exhausted. It is issued in anticipation of the existence of the underlying policy and is priced in the belief that the excess carrier will not have to provide a defense. *See Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Cos.,* 861 F.2d 1184, 1187 (9th Cir.1989) ("an excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, including the primary insurer's obligation to defend all suits until exhaustion of its liability limits").

The dispute resolved by the district court here was between two carriers which had each issued a "primary" insurance policy. Due to the policy provisions involved, or the relationship among the parties to the accident, the coverage of one of the policies had become "excess" to the coverage afforded by the other, or what could be called "excess by coincidence."

In a case involving a true excess insurance policy, the equitable factors favoring proration of costs of defense would not, or may not, be present. The district court's decision here involved the duty to contribute to defense costs of an insurance company which had issued an insurance policy which was excess by coincidence, and it is that decision which we affirm today.

AFFIRMED.