76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LIQUID AIR CORPORATION, a Delaware corporation, Plaintiff-Appellee,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a
Pennsylvania corporation, Defendant-Appellee.
v.
Betty AYERS; Crystal Ayers; Christopher Ayers; Curtis
Ayers; Melissa Lindsey; Jeffrey Jordan Lindsey;
Sandra K. Zellner; Kevin Zellner; Ruth
Zellner and Joyce Zellner,
Defendants-Appellants.
 No. 94-16163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants have not demonstrated that the district court's summary judgment rulings were erroneous.
 
 
 3
 First, Liquid Air was absolved of liability under the alter ego theory in the November 4, 1991, Oklahoma District Court order granting Liquid Air's motion to dismiss. Also, under the release and covenant not to sue signed by the claimants in conjunction with the settlement agreement, the claimants are precluded from asserting the alter ego claim.
 
 
 4
 Second, it is clear from the language of Endorsement No. 1 of the Sunrise Policy that U.S.D. was a named insured in the policy and that U.S.D. was responsible for its own $1,000,000 retained amount. Under California law, if the language of the policy and that of an endorsement differ, "the endorsement controls." Continental Casualty Co. v. Phoenix Const. Co., 296 P.2d 801, 805 (Cal.1956).
 
 
 5
 Third, neither Liquid Air nor National Union are liable for the retained amount under the settlement agreement merely because both parties were consenting parties to the settlement agreement. According to the settlement agreement, the parties agreed that $3,000,000 was a reasonable settlement amount, National Union agreed to pay $2,000,000 to the claimants, and the parties agreed that the liability for the $1,000,000 retained amount was disputed and that the issue would be decided in the Coverage Litigation. The agreement further provided that the Coverage Litigation would apply the terms of the Sunrise Policy in determining liability for the retained amount. There was nothing in the settlement agreement that automatically imposed liability on Liquid Air or National Union for U.S.D.'s $1,000,000 retained amount. Moreover, under the terms of the settlement agreement, the claimants assumed the risk of nonpayment of the $1,000,000 if U.S.D. was adjudicated to be the only responsible party.
 
 
 6
 Fourth, National Union does not have an obligation to pay claimants the $1,000,000 retained amount under the terms of the insurance policy. Under the "Drop Down Exclusion" of Endorsement No. 5 of the policy, National Union does not have an obligation to pay U.S.D.'s self-insured retained amount if U.S.D. refuses or is unable to pay it.
 
 
 7
 Finally, U.S.D.'s payment of its defense costs has not satisfied the retained amount, and therefore National Union is not liable for the $1,000,000 balance of the $3,000,000 settlement agreement under the terms of the policy.
 
 
 8
 The insurance policy is a contract, and the parties are bound by the terms of the policy to which the ordinary rules of contract interpretation apply. Bank of the West v. Superior Court, 833 P.2d 545, 551-2 (Cal.1992). Under Endorsement No. 15, the $1,000,000 "retained amount" can only be satisfied by indemnity payments, and the insureds are to bear all legal costs until the retained amount is exhausted by the indemnity payments. The meaning of this endorsement is clear and obvious: Legal costs of the insured are not included in the indemnity payment.
 
 
 9
 Under California law, an excess insurer's liability does not attach until the primary insurance limits are exhausted. Iolab Corp. v. Seaboard Surety Co., 15 F.3d 1500, 1504 (9th Cir.1994). The fact that U.S.D. was self-insured does not change the fact that U.S.D.'s retained amount had to be met with indemnity payments. "[A]n excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, including the primary insurer's obligation to defend all suits until exhaustion of its liability limits. Equity cannot require [the excess insurer] to provide coverage for which it was not paid." Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Co., 861 F.2d 1184, 1187 (9th Cir.1988) (citation omitted).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3