**Daniel CLARK; et al., Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 07–16554.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

Daniel Clark, Monterey, CA, pro se.

Yupapan Clark, Monterey, CA, pro se.

Nicholas Bagley, Lawrence E. Eiser, Esquire, Mark B. Stern, United States Department of Justice, Washington, DC, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM ***

Daniel and Yupapan Clark appeal pro se from the district court's order dismissing their Federal Tort Claims Act ("FTCA") action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction, *Westbay Steel, Inc. v. United States,* 970 F.2d 648, 649 (9th Cir. 1992), and we affirm.

The district court properly dismissed the Clarks' FTCA action for lack of subject matter jurisdiction because the Clarks showed no "persuasive analogy" under which a private person would be liable in tort under like circumstances. *Westbay Steel,* 970 F.2d at 650 (citation omitted); see also 28 U.S.C. §§ 1346(b)(1), 2674. Further, to the extent the Clarks identified a cognizable tort under applicable local law, it would be preempted by the Employee Retirement and Income Security Act ("ERISA") against a private employer. *See Russell v. Mass. Mut. Life Ins. Co.,* 722 F.2d 482, 488 (9th Cir.1983) (state law claims alleging improper processing of disability benefits claim preempted by ERISA), *rev'd on other grounds,* 473 U.S. 134, 138 n. 4, 148, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) ("[T]he relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that ... Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims.").

The Clarks' contentions regarding the district court's denial of their summary judgment motion are moot.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

