FILED

JAN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORDAN ROSENBERG,

   Plaintiff - Appellant,

 v.

HARLEY G. LAPPIN, Director, Bureau of
Prisons; et al.,

   Defendants - Appellees.

No. 12-55009

D.C. No. 2:09-cv-01722-PA-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 15, 2013[**]

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

 Former federal prisoner Jordan Rosenberg appeals pro se from the district

court's judgment dismissing his action alleging claims under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Federal Tort Claims Act (the "FTCA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 649 (9th Cir. 1992).  We affirm.

The district court properly dismissed Rosenberg's claims of deliberate indifference to his serious medical needs because Rosenberg failed to allege facts in his complaint showing that the defendants acted with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

The district court properly dismissed Rosenberg's claims against defendant Lappin because vicarious liability is an improper basis for a *Bivens* action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The district court properly dismissed Rosenberg's claim that defendants violated Rosenberg's due process and equal protection rights by conditioning benefits under the Inmate Financial Responsibility Program ("IFRP") on the monthly payment of a restitution sum they knew Rosenberg could not afford as Rosenberg failed to allege facts showing that he had a protected liberty interest in participation in the IFRP or that he was intentionally treated differently from similarly situated inmates.  *See United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (the consequences for nonparticipation in the IFRP do not constitute

such an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life that they invoke plaintiff's liberty interest); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (an equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment than the plaintiff).

The district court properly concluded that it lacked subject matter jurisdiction over Rosenberg's common law tort claims against the United States under the FTCA. *See Westbay Steel*, 970 F.2d at 650 (FTCA does not provide equitable relief).

Rosenberg's remaining requests of relief from this court, including his request that this court vacate a dismissal order filed in a different action, remand to the district court for the entry of default judgment against defendants, overturn the district court's order denying Rosenberg access to the CM/ECF system, order the district court to grant Rosenberg's re-filed motion to compel disclosure, overturn the transfer of the case to the Central District of California, and vacate the order adopting the magistrate judge's amended Report and Recommendation, are denied.

Any argument regarding the dismissal of Rosenberg's First Amendment claim relating to his temporary suspension from the kosher meal plan is waived

because Rosenberg failed to replead this claim in his second amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

**AFFIRMED.**