NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADELE T. JETER, AKA Adele Jeter-Wheaton,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>THE PRESIDENT OF THE UNITED STATES, in his Official Capacity; et al.,<br><br>              Defendants-Appellees. | No. 15-15416<br><br>D.C. No. 2:14-cv-01489-LDG-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted October 25, 2016**

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Adele T. Jeter, a.k.a. Adele Jeter-Wheaton, appeals pro se from the district

court's judgment dismissing for lack of subject matter jurisdiction her action

alleging copyright infringement. We have jurisdiction under 28 U.S.C. § 1291.

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007), and we affirm.

The district court properly dismissed Jeter's copyright infringement claims for lack of subject matter jurisdiction because Jeter alleged those claims against the United States and individuals acting on behalf of the United States, and the Court of Federal Claims therefore has exclusive jurisdiction over those claims. *See* 28 U.S.C. § 1498(b).

The district court properly dismissed Jeter's tort and unjust enrichment claims because Jeter failed to show that she exhausted her administrative remedies as required by the Federal Tort Claims Act ("FTCA") before filing suit, and the FTCA does not provide for equitable relief. *See FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States…."); *see also Goodman v. United States*, 298 F.3d 1048, 1054-55 (9th Cir. 2002) (a district court must dismiss for lack of subject matter jurisdiction a claim for damages under the FTCA that is not administratively exhausted); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (courts lack jurisdiction under the FTCA to award equitable relief against the federal government).

15-15416

The district court properly accepted defendants' notice of substitution of the United States as defendant because the alleged conduct occurred within the scope of the individual defendants' office or employment. *See* 28 U.S.C. § 2679(d)(1) (United States "shall be substituted as the party defendant" upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment).

The district court properly denied Jeter's request for default judgment because the district court lacked jurisdiction over the underlying claims. *See Axess Int'l, Ltd. v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999) (without an exercise of jurisdiction, a district court lacks the power to adjudicate other issues).

The district court did not abuse its discretion in dismissing Jeter's action without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where . . . amendment would be futile").

The district court did not abuse its discretion in granting defendants' motion for a discovery stay because the pending motion to dismiss required resolution of jurisdictional issues. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)

3                                                              15-15416

(no abuse of discretion where the district court stayed discovery pending the resolution of an immunity issue).

The district court did not abuse its discretion in denying Jeter's motion to proceed in forma pauperis because Jeter had already paid the filing fee.

The district court did not err in failing to sua sponte recuse itself because Jeter did not demonstrate extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *see also Noli v. CIR*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge . . . a party will bear a greater burden on appeal in demonstrating that the judge . . . [erred] in failing to grant recusal under section 455." (citation and internal quotation marks omitted)).

**AFFRIMED.**